**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000763
28-MAY-2015
08:01 AM**

NO. CAAP-12-0000763

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
LOGAN I. FRANCO, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
(Wailuku Division)
(CASE NO. 2DTA-11-00364)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Ginoza, JJ.)

After a bench trial, the District Court of the Second Circuit (District Court) found Defendant-Appellant Logan I. Franco (Franco) guilty of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2014).[1]

---

[1] HRS § 291E-61(a)(3) provides:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . .

(3) With .08 or more grams of alcohol per two hundred ten liters of breath[.]

Franco appeals from the Judgment entered by the District Court on July 31, 2012. On appeal, Franco contends that: (1) the District Court erred in denying his motion to suppress evidence, which was based on a claim that his breath test results were obtained in violation of his constitutional and statutory rights to counsel; (2) the District Court violated his confrontation rights by admitting exhibits used to lay the foundation for the introduction of his breath test results; (3) the District Court erred in trying him *in absentia* after he failed to return from a lunchtime trial recess; and (4) there was insufficient evidence to support his conviction.[2] We affirm.

I.

We address the issues raised by Franco on appeal as follows.

A.

Franco's breath test results were not obtained in violation of his constitutional and statutory rights to counsel. See State v. Won, 134 Hawaiʻi 59, 332 P.3d 661 (App. 2014), cert. granted, No. SCWC-12-0000858, 2014 WL 2881259 (Jun. 24, 2014). Accordingly, the District Court did not err in denying Franco's motion to suppress evidence.

B.

The foundational exhibits that Franco claims were improperly admitted were not testimonial. See State v. Marshall, 114 Hawaiʻi 396, 401-02, 163 P.3d 199, 204-05 (App. 2007); State v. Fitzwater, 122 Hawaiʻi 354, 373-74, 227 P.3d 520, 539-40 (2010); Melendez-Diaz v. Massachusetts, 557 U.S. 305, 311 n.1 (2009). Accordingly, the District Court's admission of these exhibits did not violate Franco's confrontation rights.

C.

Franco contends that the District Court erred in trying him *in absentia* after he failed to return from a lunchtime trial

---

[2] The Honorable Blaine J. Kobayashi presided over Franco's motion to suppress evidence and the Honorable Kelsey T. Kawano presided over Franco's trial.

recess. Citing State v. Kaulia, 128 Hawai'i 479, 291 P.3d 377 (2013), Franco argues that because the District Court did not engage Franco in an on-the-record colloquy regarding the significant rights he would be waiving by failing to return for trial, the District Court erred in finding that he had waived the right to be present by voluntarily absenting himself from the trial. We conclude that Franco's reliance on Kaulia is misplaced and that his argument is without merit.

With Franco present, trial was held in the morning on May 11, 2012, with the State calling a witness and presenting his testimony. Franco was present when the District Court declared a recess at about 11:30 a.m. and directed the parties to report back at 1:30 p.m. for the resumption of trial. Franco, however, failed to appear for the resumption of trial. The District Court asked defense counsel, "[W]here's your client?" Defense counsel responded, "I don't know your Honor. I've just been informed by the parents that he left during the break. He was not feeling well. He was disturbed and left." The District Court took a recess to consider the matter. The proceedings reconvened at about 2:00 p.m., and the District Court asked defense counsel if he had any further information on why his client was not present. Defense counsel was unable to provide further information. The District Court then asked Franco's parents, who were present in court, if they could explain why Franco had failed to appear.

Franco' father indicated that Franco was "frustrated" and "fed up" about the way the District Court had handled the case. Franco's father further stated:

> It's just -- I guess he's just frustrated and he just -- today he was sick. I mean that's no excuse though. He asked me if I could ask him to postpone 'em. I said, we already here. You know, I'm not going to -- if you want, you go ask him.
>
> He was just frustrated and he said this is just, you know, I'm going to lose already, so no sense. There's no sense even. I told him it's going to be worse if he doesn't come back, but he chose not to come back, so. I didn't talk to him. I've been trying to contact him and I can't get him --

The District Court found that Franco had voluntarily absented himself from trial after the trial had commenced and that Franco had thereby waived his right to be present during trial. The District Court then proceeded with the trial.[3/]

We conclude that the District Court did not err in determining that Franco had waived his right to be present at trial by voluntarily absenting himself after trial had commenced. See Hawai'i Rules of Penal Procedure Rule 43(b) (2012) ("The further progress . . . of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present, . . . is voluntarily absent after the . . . trial has commenced (whether or not the defendant has been informed by the court of the obligation to remain during the trial)[.]"); State v. Vaimili, 134 Hawai'i 264, 274-80, 339 P.3d 1065, 1075-81 (App. 2014), cert. granted, No. SCWC-12-0000115, 2015 WL 745351 (Feb. 20, 2105).

Franco's reliance on Kaulia is misplaced. In Kaulia, the supreme court stated that "trial courts should endeavor to advise the defendant of the legal consequences of a courtroom departure, where the defendant announces an intention to leave and the trial court has the opportunity to address the defendant regarding this intention." Kaulia, 128 Hawai'i at 493, 291 P.3d at 391. Here, Franco did not inform the District Court of his intention to leave and absent himself from trial, and the District Court did not have the opportunity to address Franco regarding this intention. Accordingly, Kaulia is inapposite.

D.

There was sufficient evidence to support Franco's conviction. Franco cites Hawai'i Administrative Rules (HAR) § 11-114-6(b)(5) (1993) in arguing that the margin of error for the Intoxylizer 5000 EN used in this case was .01. However, HAR

---

[3/] The record indicates that Franco was absent for the remainder of the afternoon session on May 11, 2012, but was present when the trial resumed on May 18, 2012.

§ 11-114-6(b)(5) refers to the requirements for a valid accuracy verification test; it does not establish the margin of error for the Intoxylizer 5000 EN used in this case. The prosecution introduced evidence that accuracy tests performed on the Intoxylizer 5000 EN approximately three weeks before its use in this case resulted in readings that came within .001 of the known .20 and .10 solutions tested. No other evidence relating to the margin of error for the Intoxylizer 5000 EN was presented. When viewed in the light most favorable to the prosecution, we conclude that there was sufficient evidence to support Franco's conviction. See State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998).

II.

We affirm the District Court's Judgment.

DATED: Honolulu, Hawai'i, May 28, 2015.

On the briefs:

Hayden Aluli
for Defendant-Appellant

Artemio C. Baxa
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Daniel R. Foley
Associate Judge

Associate Judge

5